**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| JOE P. GAITHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 7:07-CV-0171-AH |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION

Pursuant to the written consents of the parties to proceed before a United States Magistrate Judge, and the District Court's transfer order filed on April 8, 2008, in accordance with the provisions of 28 U.S.C. § 636(c), came on to be considered Plaintiff Joe P. Gaither's action seeking judicial review of Defendant's denial of Plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. 423. The court finds and orders as follows:

Procedural History: On October 14, 2003, plaintiff Joe P. Gaither ("Plaintiff" or "Gaither") filed an application for disability insurance benefits and Supplemental Security Income ("SSI") claiming disability due to acute pancreatitis, acute respiratory failure, ascites, anemia, asphyxia and anxiety disorder. (Administrative Record (hereinafter "Tr.") at 65-67, 83, 841-43). He alleged a disability onset date of September 2, 2003 (Tr. at 83).

The Administrative Law Judge ("ALJ") conducted a hearing on October 6, 2005 at which Gaither appeared with counsel. (Tr. at 909-948). Gaither testified on his own behalf. The ALJ also heard testimony from Dr. Thomas Lynn, a medical expert and Maggie Scraper, a vocational

expert. (Id.). On January 26, 2007, the ALJ denied Plaintiff's request for benefits, finding that his medically determinable impairments do not prevent him from performing his past relevant work as a director of research and as a software programmer. (Tr. at 26).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on September 26, 2007, the Appeals Council denied his request. (Tr. at 6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on November 20, 2007. Defendant filed an answer on January 25, 2008. On May 30, 2008, Plaintiff filed his brief, followed by Defendant's brief on July 30, 2008. Plaintiff did not file a reply brief.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion: To prevail on a claim for disability insurance or SSI benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step four, finding that Plaintiff has a number of severe impairments including pancreatitis with leukocutosis and abscess draining in 2003; a major depressive disorder, recurrent, moderate; a generalized anxiety disorder; alcohol dependence with detoxification seizure in October 2003; a history of right hernia repair in 2004; hemorrhoids in 2005; a remote history of coronary incidents; hypertension; status post laminectomy; and borderline diabetes mellitus with early neuropathy. (Tr. at 21). However, he found that Plaintiff

3

retains the capacity to perform his past relevant work as a director of research and as a software programmer. (Tr. at 21-26). He therefore denied Plaintiff's request for benefits. (Tr. at 27).

Plaintiff alleges that the ALJ erred in his credibility analysis. Specifically, Plaintiff claims that the ALJ erred in finding that his testimony that he is unable to work because of fatigue is "not entirely credible." (Tr. at 24).

Plaintiff bears the burden of proving that he is unable to perform his past relevant work. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). The determination whether a claimant is able to work despite some pain "is within the province of the administrative agency and should be upheld if supported by substantial evidence." *Id*. Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment ro be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant. *Id*.

The ALJ evaluated Plaintiff's testimony in accordance with the standards enunciated in Social Security Ruling 96-7p, as well as 20 C.F.R. §§ 404.1529 and 416.929, which suggest a number of factors, including the claimant's daily activities, to be analyzed in the credibility determination. The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. at 24) (citing Social Security Ruling 96-7p). In support of his credibility finding,

he concluded that "the claimant's activities are normal and not those of an individual not able to work." (Tr. at 24). Plaintiff testified that his daily activities include laundry, house cleaning, occasionally driving a car, preparing meals, shopping, occasionally attending church and counseling groups, and spending time with his girlfriend. (Tr. at 932). He also testified that he works 20 hours per week doing computer drawings for a land survey company and 5 hours per week hosting a program at a radio station. (Tr. at 924, 932). Plaintiff reported similar daily activities in his consultative psychiatric examination on December 18, 2003. (Tr. at 310). He reported that he was able to bathe, dress and groom himself and perform usual household chores, such as cooking, cleaning, laundry and shopping. *Id*. He also stated that he was able to drive a car, watch television, read the newspaper and regularly attend church. *Id*. As the ALJ concluded, Plaintiff's account of his daily activities is inconsistent with his complaints of disabling fatigue. Therefore, substantial evidence supports the ALJ's credibility determination. *See Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir.1995) (considering ability to conduct daily activities in assessing credibility).

In addition, nothing in the medical records supports Plaintiff's allegation of disabling fatigue. "The Act, regulations and case law mandate that the Secretary require that subjective complaints be corroborated, at least in part, by objective medical findings." *Harrell*, 862 F.2d 471, 481 (5th Cir. 1988) (citations omitted). The medical expert testified that he would not expect fatigue to be a continuing problem. (Tr. at 918-19). A November 22, 2005 office note by Plaintiff's treating physician Dr. Richard Niles, submitted to the Appeals Council but not to the ALJ, noted that Plaintiff reported "mild fatigue" but does not report fatigue that is disabling or would interfere with Plaintiff's ability to perform work activities. (Tr. at 902). It is the province

5

of the ALJ to make credibility determinations and to resolve any conflicts in the evidence. Here the ALJ found the objective medical evidence, or lack of evidence supporting Plaintiff's allegation of disabling fatigue, more persuasive than Plaintiff's testimony. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco*, 27 F.3d at 164. For these reasons, substantial evidence supports the ALJ's credibility determination.

For the reasons discussed above, there is substantial evidence supporting the ALJ's decision and the defendant is entitled to judgment dismissing Plaintiff's complaint with prejudice.

Signed this 12th day of February, 2009.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE